IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**PHILIP E. MICHAEL II,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-327**       (W. Va. Bd. of Pharmacy Case No. In the matter of: Petition
for Reinstatement of Philip E. Michael II Pharmacy License)

**WEST VIRGINIA BOARD OF PHARMACY,**
**Respondent**

**MEMORANDUM DECISION**

Petitioner Philip E. Michael II appeals the July 23, 2025, decision of Respondent West Virginia Board of Pharmacy ("Board"), which denied his petition to reinstate his pharmacy license. The Board filed a response.[1] Mr. Michael filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The facts leading to Mr. Michael's current application for reinstatement are not in dispute. Mr. Michael is a convicted felon and former state-licensed pharmacist. As a pharmacist, he owned Meds 2 Go, which was a pharmacy that filled prescriptions that were not for legitimate medical purposes.

In 2012, the Board filed a complaint against him alleging that he was filling out-of-state prescriptions, conduct which he admitted he was not licensed to perform. Federal authorities indicted him in 2016, and in June of 2019, he entered a guilty plea to one count of conspiracy to commit money laundering related to his involvement in illegally filling invalid or unlawful out-of-state prescriptions for controlled substances and mailing them to other states. The federal court sentenced him to prison and ordered him to forfeit over $775,000.

---

[1] Mr. Michael is represented by Paul S. Saluja, Esq. The Board is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Mark L. Garren, Esq.

1

The Board initiated disciplinary proceedings against Mr. Michael based on his criminal conduct. In March of 2021, the parties resolved the matter through a written Consent Agreement. Under the Consent Agreement, Mr. Michael surrendered his professional license and admitted that he dispensed controlled-substance prescriptions knowing they were not issued for legitimate medical purposes. He also admitted that his criminal conduct directly related to the practice of pharmacy and posed a risk to the public in violation of the Board's governing standards. The Consent Agreement provided that Mr. Michael was prohibited from applying for reinstatement for three years and stated that the Board would consider, though not guarantee, approval of any application submitted thereafter.

Mr. Michael was released from federal detention and placed on supervised release in December of 2022. He discharged his sentence in December 2024 but continues to pay his restitution and fines.

Thereafter, Mr. Michael applied with the Board for reinstatement in March 2024, but the Board denied his application by order later that month. He did not seek administrative review. He applied again in November of 2024, and the Board denied that application by order in December of 2024. The Board's December 2024 order identified several grounds supporting its decision to deny Mr. Michael reinstatement. For instance, the Board concluded that Mr. Michael was not eligible for licensure because he did not meet the statutory qualifications for licensure in West Virginia Code § 30-5-9(a) (2015).[2] He used his professional license to commit a serious crime, which he admitted in March of 2021 was directly related to pharmacy practice and posed a public risk. The Board also noted that he still owed part of his fines and restitution and that too little time had passed between his conviction, release from supervision, and reinstatement application.[3]

---

[2] The Board's order placed an emphasis on subsections (8) and (9) of the statute, which state, in part:

> (8) Present to the board satisfactory evidence that he or she is a person of good moral character, has not been convicted of a felony involving the sale or distribution of controlled substances;

> (9) Not been convicted in any jurisdiction of any other felony or crime which bears a rational nexus to the individual's ability to practice pharmacist care[.]

W. Va. Code §§ 30-5-9(a)(8) to (9).

[3] The Board cited similar grounds in its March 2024 order denying Mr. Michael's application.

Mr. Michael requested administrative review of the Board's ruling from the Board's hearing examiner. However, before the administrative hearing, the parties agreed that no factual disputes existed and that an evidentiary hearing was unnecessary. They then entered a joint stipulation of exhibits, filed proposed orders, and submitted the matter to the hearing examiner for consideration. Thereafter, the hearing examiner issued a recommended decision for the Board's consideration and recommended that the Board deny Mr. Michael's application. In the recommended findings, the hearing examiner noted that West Virginia Code § 30-1-8a(a) (2002) establishes the applicable reinstatement standard and requires the applicant to demonstrate an ability to "resume practicing with reasonable skill and safety." The hearing examiner determined that Mr. Michael failed to demonstrate this ability and, in support of this conclusion, issued several specific findings.

For example, the hearing examiner noted that Mr. Michael offered little evidence to meet the statutory threshold. Instead, the evidence showed that Mr. Michael had not actively practiced for several years, provided no evidence of continuing education, and had not taken the required Multistate Pharmacy Jurisprudence Exam (MPJE)—a prerequisite for reinstatement—instead requesting a waiver to take the exam only after reinstatement. Next, the Consent Agreement showed that Mr. Michael told the Board and federal authorities that his criminal act was connected to the illegal sale and distribution of controlled substances, and he acknowledged that his wrongful conduct was related to pharmacy practice. Considering the full scope of his criminal conduct, the hearing examiner concluded that Mr. Michael lacked good moral character and was unfit for licensure. *See* W. Va. Code § 30-5-9(a)(8); W. Va. Code R. § 15-1-15.1.1 (2025).[4]

On July 23, 2025, the Board adopted the hearing examiner's recommendation in full and denied Mr. Michael's application.[5] This appeal followed.

---

[4] The Court cites the current version of this regulation because its operative language is identical to the 2024 version in effect when Mr. Michael filed his November 2024 application. The regulation states:

> The practice of pharmacy is a profession dedicated to the service of public health which requires knowledge, skill and integrity. The practice of pharmacy is restricted to persons who possess special education and qualifications and licenses to practice pharmacy. The pharmacist recognizes his or her responsibility to the public in providing pharmacist care, providing safe storage and handling of drugs, in dispensing drugs and devices and the dissemination of information on drugs and devices to other health care specialists. For these reasons he or she is obligated to the highest standards of professional conduct.

[5] The hearing examiner's recommended decision, as adopted by the Board, made additional findings to support its decision. However, because the record provides ample

3

Our review of this matter is governed by the State Administrative Procedures Act, which provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 30-5-33 (2013) (specifying that West Virginia Code § 29A-5-4 governs appellate review of Board decisions).

On appeal, Mr. Michael raises several arguments challenging the Board's view of the evidence and its ultimate decision. His overarching contention is that the undisputed evidence supported his application and that the Court should therefore reverse the Board's decision and reinstate his license. We are not persuaded by Mr. Michael's contentions.

Essentially, Mr. Michael's arguments represent a steadfast disagreement with the Board's view of the facts, accompanied by an invitation for the Court to look at the record and reach a more favorable conclusion. We decline to do so. This Court has regularly declined such invitations on appeal and reiterated that appellate courts do not reweigh the evidence. *See, e.g.*, *In re C.S.*, 251 W. Va. 147, 152, 909 S.E.2d 819, 824 (Ct. App. 2024); *Lemley v. MarkWest Liberty Midstream & Res., LLC*, 252 W. Va. 608, ___, 924 S.E.2d 716, 728 (Ct. App. 2025); *Williamson v. W. Va. Bd. of Registered Nurses*, No. 23-ICA-172, 2024 WL 1729976, at *6 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision); *Nicolle W. v. Jarlando W.*, No. 24-ICA-5, 2024 WL 4051376, at *4 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision); *Owens v. Axline*, No. 24-ICA-290, 2025 WL 1249326, at *4 (W. Va. Ct. App. Apr. 29, 2025) (memorandum decision).

---

grounds to uphold the Board's decision, the Court need not address all of the Board's rationale.

Further, "an agency's determination of matters within its area of expertise is entitled to substantial weight." *Princeton Cmty. Hosp. v. State Health Plan.*, 174 W. Va. 558, 564, 328 S.E.2d 164, 171 (1985). We are also mindful that "the clearly wrong and the arbitrary and capricious standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996) (citation modified); *see also* Syl. Pt. 1, in part, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court applying a clearly erroneous standard may not overturn a finding simply because it would have decided case differently). Here, based upon our review of the record, we find that the Board acted within its discretion when it denied Mr. Michael's application, and the uncontroverted facts rationally support that determination. We therefore find no error or abuse of discretion and affirm the Board's July 23, 2025, decision.

Accordingly, we affirm.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White